**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **XIAOLANG ZHANG,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-252-KC** |
| | § | |
| **PAMELA BONDI et al.,** | § | |
| | § | |
| **Respondents.** | § | |

## ORDER

On this day, the Court considered Xiaolang Zhang's Petition for a Writ of Habeas

Corpus, ECF No. 1.  For the following reasons, the Petition is **GRANTED** in part.

## I.     BACKGROUND

Zhang is a Chinese citizen who became a Lawful Permanent Resident ("LPR") on

October 23, 2017.  *Id.* ¶¶ 16, 20.  On August 22, 2022, Zhang pled guilty to violating 18 U.S.C. §

1832(a)(1), "commonly referred to as theft of trade secrets," and was sentenced to 120 days in

federal prison.  *Id.* ¶ 25.  Zhang's conviction stemmed from him taking confidential proprietary

information from his employer, Apple, Inc.  *Id.* ¶¶ 19, 24.  On September 18, 2024, Zhang was

transferred to immigration authorities and placed in removal proceedings.  *Id.* ¶ 28.  On

November 20, 2024, an immigration judge ("IJ") denied Zhang bond finding that his conviction

was considered an aggravated felony, mandating his detention under 8 U.S.C. § 1226(c) and

divesting the IJ of jurisdiction to grant bond.  *Id.* ¶ 44.  Zhang appealed to the Board of

Immigration Appeals ("BIA"), which initially remanded for further consideration and then

ultimately affirmed the decision that § 1226(c) applied and dismissed the appeal.  *Id.* ¶¶ 45–47.

On January 30, 2026, an IJ found Zhang "deportable" and those proceedings are pending appeal

at the BIA.  *Id.* ¶¶ 42–43.  Zhang has been in immigration custody for over seventeen months now.

Zhang filed his Petition arguing that the IJ and BIA erred in finding that his conviction warranted mandatory detention under § 1226(c), but that if he is properly detained under § 1226(c) then his continued detention violates due process.  *Id.* ¶¶ 54–114.  He seeks an order for his immediate release or a bond hearing.  *Id.* at 27.  On January 30, 2026, the Court ordered Respondents to show cause why Zhang's application for a writ of habeas corpus should not be granted.  Jan. 30, 2026, Order 3, ECF No. 2.  Respondents argued that Zhang is properly detained under § 1226(c) and "has not established a cognizable due process claim."  Resp. 1–6, ECF No. 5.  Zhang filed a Reply, ECF No. 8.

## II.    DISCUSSION

As an initial matter, Respondents do not argue that the Court lacks jurisdiction over this Petition.  *See generally* Resp.; Initial Resp., ECF No. 3.  Nor that Zhang was required to exhaust his administrative remedies beyond seeking a custody determination with an IJ and appealing to the BIA, *see* Initial Resp. 9–10, both of which he has done, Pet. ¶¶ 44–47.  In any event, the Supreme Court has held that federal courts do have jurisdiction to consider habeas challenges to mandatory detention under § 1226(c).  *See Demore v. Kim*, 538 U.S. 510, 516–17 (2003).  Therefore, considering the issue sua sponte, the Court finds that it has jurisdiction.

### A.    Whether Zhang is properly detained under 1226(c)

Zhang principally argues that his conviction for theft of trade secrets under 18 U.S.C. § 1832(a)(1) is not an aggravated felony as defined in 8 U.S.C. § 1226(c).  Pet. ¶¶ 54–74.  Section 1226(c) requires that noncitizens convicted of certain enumerated crimes must be detained for the duration of their removal proceedings.  *See id.*  Relevant here, § 1226(c) requires

2

detention of any noncitizen who "is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title." *Id.* § 1226(c)(1)(B). Section 1227(a)(2)(A)(iii) provides that any noncitizen "who is convicted of an aggravated felony at any time after admission is deportable."

An aggravated felony, as defined in the Immigration and Nationality Act ("INA"), includes any offense that "involves fraud or deceit in which the loss to the victim or victims exceeds $10,000." 8 U.S.C. § 1101(a)(43)(M)(i). This clause has two elements: (1) that the offense "involves fraud or deceit" and (2) that the loss to the victims exceeds $10,000. *Id.* If both are met, then the individual committed an aggravated felony for immigration purposes. As to the first element, whether the conviction involves fraud or deceit, courts "employ a categorical approach by looking to the statute defining the crime of conviction, rather than to the specific facts underlying the crime." *Kawashima v. Holder*, 565 U.S. 478, 483 (2012) (citations omitted). As to the second element, the Supreme Court has held that the categorical approach does not apply to subparagraph (M)(i)'s monetary threshold. *Nijhawan v. Holder*, 557 U.S. 29, 40 (2009). Instead, courts analyze the specific circumstances surrounding the crime as committed when determining the monetary loss. *Id.*

There is no dispute that Zhang's conviction resulted in a loss exceeding $10,000 to Apple. *See generally* Pet.; Resp. But Zhang disputes whether his conviction involved fraud or deceit. *See* Pet. ¶¶ 66–72; Reply 2 n. 1. Zhang argues that the conduct leading to his conviction, namely taking or carrying away the trade secrets, "does not necessarily involve fraud or deceit and therefore . . . is not an aggravated felony." Pet. ¶ 69. As mentioned, courts use the categorical approach to determine whether the conviction "involves fraud or deceit." *Kawashima*, 565 U.S. at 483. Under that approach, if the elements of the offense establish that

Zhang committed a crime involving fraud or deceit, then the first element of subsection (M)(i) is met. *See id.* This does not require that fraud or deceit be formal elements of the crime. *Id.* at 483–84. Instead, the elements must "necessarily entail fraudulent or deceitful conduct." *Id.*; *see also Omari v. Gonzales*, 419 F.3d 303, 307 (5th Cir. 2005). Thus, applying the categorical approach presents two questions, "one factual (what was [the] crime of conviction?), the other hypothetical (could someone commit that crime of conviction without fraud?)." *Pereida v. Wilkinson*, 592 U.S. 224, 234 (2021). To answer the second question, the Fifth Circuit has defined "fraud" within the meaning of subsection (M)(i) as "a knowing misrepresentation of the truth or concealment of a material fact to induce another to act to his or her detriment" and "deceit" as "the act of intentionally giving a false impression." *Omari*, 419 F.3d at 307 (quoting Black's Law Dictionary 413, 670 (7th ed. 1999)).

"The factual inquiry can take on special prominence when it comes to 'divisible' statutes." *Id.* A criminal statute is divisible when it lists "multiple, stand-alone offenses, some of which trigger consequences under federal law, and others of which do not." *Id.* at 235. "To determine exactly which offense in a divisible statute an individual committed, [the Supreme Court] has told judges to employ a 'modified' categorical approach." *Id.* Under the modified categorical approach, courts may examine "the charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented," to discover which of the enumerated alternatives played a part in the defendant's prior conviction. *Franco-Casasola v. Holder*, 773 F.3d 33, 37 (5th Cir. 2014) (quoting *Larin-Ulloa v. Gonzales*, 462 F.3d 456, 464 (5th Cir. 2006)). Thus, in applying the modified categorical approach, courts focus on the elements, not the facts, of the crime of

conviction, and compare those elements with the description of the generic offense that triggers

consequences under federal immigration law.  *See Franco-Casasola*, 773 F.3d at 37.

Zhang's crime of conviction is 18 U.S.C. § 1832(a)(1), which states:

> Whoever, with intent to convert a trade secret, that is related to a product or
> service used in or intended for use in interstate or foreign commerce, to the
> economic benefit of anyone other than the owner thereof, and intending or
> knowing that the offense will, injure any owner of that trade secret, knowingly
> steals, or without authorization appropriates, takes, carries away, or conceals, or
> by fraud, artifice, or deception obtains such information [shall have committed a
> crime].

*Id.* (cleaned up).  In short, a conviction under § 1832(a)(1) requires proof that the defendant has

"stolen, appropriated, concealed, and/or obtained through fraud, artifice, or deception the subject

trade secrets."  *United States v. Case*, 656 F. Supp. 2d 603, 613–614 (S.D. Miss. 2009).  It does

not appear that any courts have conducted a divisibility analysis of § 1832(a)(1) under the

categorical approach.  In other contexts, however, courts have generally treated this statute as

providing alternate means by which it can be committed—that is, as divisible.  *Cf. United States

v. Latimore*, No. 08-cr-20633, 2009 WL 3876171, at *3 (E.D. Mich. Nov. 17, 2009) ("[T]he

Indictment tracks the language of the relevant portions of the statute the Defendant is accused of

violating."); *United States v. Smith*, 469 F. Supp. 3d 1249, 1256–57 & n. 17 (N.D. Fla. 2020)

("While not relevant here, 18 U.S.C. § 1832(a)(1) also prohibits the acts of concealing a trade

secret or obtaining a trade secret by fraud, artifice, or deception").  There are three main ways by

which this offense can be committed: (1) the individual steals the trade secrets, (2) the

individual, without authorization, appropriates, takes, and carries away the trade secrets, or (3)

the individual, by fraud, artifice or deception, obtains the trade secrets.  *See, e.g., United States v.

Wen Chyu Liu*, 716 F.3d 159, 169–70 (5th Cir. 2013); *United States v. Smith*, 22 F.4th 1236,

1243 (11th Cir. 2022); *Latimore*, 2010 WL 431739, at *3.

The first two prongs, stealing and taking without authorization, do not necessarily involve fraud or deceit—one could steal or misappropriate trade secrets without inducing another to act (fraud) or giving a false impression (deceit). *See Omari*, 419 F.3d at 307. Theft does not necessarily entail fraud or deceit.[1] *Id.* at 308–09 ("The scheme as laid out in the indictment refers to stolen airline tickets, not fraudulently obtained ones, so that nothing in the indictment indicates that [the defendant] pleaded guilty to transporting fraudulently obtained goods."). For instance, there would be nothing necessarily fraudulent or deceitful about an employee taking proprietary schematics from a file cabinet at work and walking home with them. *See id.* at 307–09. But if the employee never returned the schematics, then they stole them, and if they did not have permission to take the schematics home, then they took them without authorization. They would thus violate the first and second prongs of § 1832(a)(1), respectively, without ever violating the third prong.

Because only one of the three ways to violate § 1832(a)(1) necessarily entails fraud or deceit, and the other two do not, the statute is divisible.. *See United States v. Nunez-Segura*, 566 Fed. App'x 389, 392 (5th Cir. 2014). Therefore, the Court must "look to the record of conviction to determine whether the conviction was necessarily for a particular subsection of the statute that meets the criterion (here, that of involving fraud or deceit)." *Omari*, 419 F.3d at 308.

Zhang's plea agreement lists the elements of his conviction as follows: (1) he "intended to convert a trade secret to the economic benefit of someone other than the owner of that trade secret"; (2) "the trade secret was related to or intended for use in a product or service that was used or intended for use in interstate or foreign commerce"; (3) he "knew that the offense would

---

[1] "The key and controlling distinction between" theft and fraud has been described as one of "consent"— "theft occurs without consent, while fraud occurs with consent that has been unlawfully obtained." *Martinez v. Mukasey*, 519 F.3d 532, 540 (5th Cir. 2008) (quoting *Soliman v. Gonzales*, 419 F.3d 276, 283 (4th Cir. 2005)).

injure any owner of that trade secret"; and (4) he "knowingly and without authorization carried away such information."  Pet. Ex. J ("Plea Agreement") ¶ 1, ECF No. 1-2.  During the plea colloquy, the sentencing judge similarly informed Zhang that "the Government would have to prove that [he] knowingly and without authorization carried away such information."  *Id.* Ex. K ("Plea Colloquy") 9:10–11, ECF No. 1-1.  Zhang's attorney also stated on the record that while the indictment charged "all of the possible methods," Zhang was only "agreeing that he in fact carried away such information without authorization," "and not the remainder of the possible statutory methods."  *Id.* at 24:5–10.  The Government's attorney stated that she shared this same understanding as to the portion of § 1832(a)(1) to which Zhang was pleading guilty and noted: "the statute is in the conjunctive and so any one of those methods or means is a manner by which the defendant could be guilty."  *Id.* at 24:11–15.

Again, the Court does not look to the facts underlying the conviction to determine if Zhang's actual conduct involved fraud or deceit, but instead, reviews these documents only to "determine which statutory offenses . . . formed the basis of the defendant's conviction." *Descamps v. United States*, 570 U.S. 254, 265 (2013); *see also Franco-Casasola*, 773 F.3d at 37–39, 42.  Viewed in that capacity, these documents—the Plea Agreement and Plea Colloquy— demonstrate that Zhang was convicted under the second subsection of 18 U.S.C. 1832(a)(1), which, as discussed, does not necessarily entail fraud or deceit.  *See Omari*, 419 F.3d at 307–09; *cf. Martinez v. Mukasey*, 519 F.3d 532, 538–41 (5th Cir. 2008).

Because Zhang's conviction does not involve fraud or deceit, it is not an aggravated felony as defined under 8 U.S.C. § 1101(a)(43)(M)(i).  Thus, Zhang is not subject to mandatory detention under 8 U.S.C. § 1226(c).  Instead, his detention is governed by § 1226(a), and he is

entitled to a bond hearing to determine whether he should be detained for the remainder of his removal proceedings.[2]  Therefore, the Petition is granted in part as to Zhang's statutory claim.

**B.      Whether Zhang's detention violates due process**

Zhang also argues that if he is subject to mandatory detention under § 1226(c), then his detention has now become unreasonably prolonged in violation of the Fifth Amendment.  Pet. ¶¶ 75–96.  Because the Court holds that Zhang was not convicted of an aggravated felony, and therefore is not subject to mandatory detention under the statute, the Court declines to reach the prolonged detention question.

**III.    CONCLUSION**

For the foregoing reasons, Zhang's Petition, ECF No. 1, is **GRANTED** in part. Respondents shall provide Zhang with a bond hearing before an immigration judge, **by no later than May 19, 2026**, in accordance with 8 U.S.C § 1226(a).

**IT IS FURTHER ORDERED** that, **on or before May 19, 2026**, the parties shall **FILE** joint notice informing the Court whether Zhang has been given a bond hearing and its result.

**SO ORDERED**.

**SIGNED this 5th day of May, 2026.**

*KATHLEEN CARDONE*
*UNITED STATES DISTRICT JUDGE*

---

[2] This is not a determination of whether Zhang is removable from the United States by virtue of his conviction.  Rather, regardless of his ultimate removability, he is not subject to mandatory detention as an aggravated felon under § 1226(c).  Indeed, Zhang is charged as removable not only on the basis of a purported aggravated felony conviction, but also on the basis that he engaged in espionage.  *See* Pet. Ex. H ("Oct. 23, 2025, Addt'l Charges of Inadmissibility/Deportability"), ECF No. 1-2.