IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| XIAOLANG ZHANG, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CAUSE NO. EP-26-CV-252-KC |
| | § | |
| PAMELA BONDI et al., | § | |
| | § | |
| Respondents. | § | |

## ORDER

On this day, the Court considered Zhang's Motion for Additional Relief, ECF No. 10. On May 5, 2026, the Court granted Zhang's Petition in part based on the statutory claim presented and ordered that Zhang receive a bond hearing. May 5, 2026, Order, ECF No. 9. The Court thus declined to reach the prolonged detention question under the Due Process Clause. *Id.* at 8. Zhang now asks the Court to address the due process claim because an immigration judge denied him bond, and his detention has now reached over nineteen months. Mot. 1–3.

Detention in the pre-removal order context may become unconstitutionally prolonged. *See, e.g., Maldonado v. Macias*, 150 F. Supp. 3d 788 (W.D. Tex. 2015). In analyzing such claims, courts have employed differing analyses and reached disparate outcomes. *See, e.g., Alves v. U.S. Dep't of Justice*, No. 3:25-cv-306-KC, 2025 WL 2629763, at *2–4 (W.D. Tex. Sept. 12, 2025). Zhang also challenges the procedures employed at his bond hearing and argues that immigration judges are biased. Mot. 6–9. In light of the foregoing, a response from Respondents is necessary.

2

Accordingly, the Court **ORDERS** that Respondents shall **FILE** a response addressing the legal arguments raised in Zhang's Motion, and also explaining the current status and expected timeline for completion of Zhang's immigration proceedings**,** by **no later than May 27, 2026**.

**SO ORDERED**.

**SIGNED this 13th day of May, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

2